IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMELL L. REESE,<br><br>**Plaintiff,**<br><br>v.<br><br>**CHARLES W. CONNORS and CARRIER CORPORATION,**<br><br>**Defendants.** | Case No. 24-cv-02262-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for consideration of a Partial Motion to Dismiss Counts III and IV of Plaintiff's Second Amended Complaint (Doc. 5) filed by Defendant Carrier Corporation. Having been fully informed of the issues presented, this Court **GRANTS** Carrier Corporation's Motion to Dismiss.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jamell L. Reese initiated the instant action by filing a Complaint in the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois, on August 23, 2024 (hereinafter "St. Clair County Court"). *See* Case No. 2024LA1174 (Ill. Cir. Ct.). Reese alleged three causes of action against Defendants Charles W. Connors and Carrier Corporation[1]: in Count I, Reese brought a claim for negligence against Connors, individually; in Count II, Reese brought a claim for vicarious liability on the theory of *respondeat superior* against Carrier Corporation; and in

---

[1] *See infra.* The named Defendants in Plaintiff's original Complaint were "Charles W. Conners" and "Carrier Global Corporation," which were later amended to name the current Defendants.

Count III, Reese brought a claim for negligent hiring, training, retention, and supervision against Carrier Corporation. *See id*. The allegations stemmed from a motor vehicle accident that occurred on December 21, 2022, in Swansea, Illinois. *See id*. The accident involved Plaintiff Reese and Defendant Connors; Connors is alleged to have been operating the motor vehicle he was driving within the scope of his employment with Carrier Corporation. *See id*.

On September 24, 2024, Reese filed a Motion for Leave to File First Amended Complaint in St. Clair County Court to correct the spelling of Defendant Connors' name (previously spelled "Conners") and to name the proper entity, Defendant Carrier Corporation (previously "Carrier Global Corporation"), while proceeding on the same claims. *See id*. Reese filed his First Amended Complaint in St. Clair County Court on the same day. *See id*. On September 25, 2024, the St. Clair County Court granted Plaintiff's Motion for Leave to Amend his Complaint. *See id*.

On October 1, 2024, Connors and Carrier Corporation filed their Notice of Removal of the St. Clair County Court action in this Court on the basis of diversity jurisdiction. (*See* Doc. 1). Connors filed his Answer to Plaintiff's First Amended Complaint on October 14, 2024. (Doc. 4). On the same day, Carrier Corporation filed a Motion to Dismiss for Failure to State a Claim as to Count III of Plaintiff's First Amended Complaint. (Doc. 5). On November 12, 2024, Reese filed a Motion for Leave to File a Second Amended Complaint, requesting to provide additional factual allegations pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. 7, p. 1). Specifically, Reese stated that his Second Amended Complaint would now bring four causes of action: Count I for negligence against Defendant Connors, individually, and

Counts II, III, and IV against Defendant Carrier Corporation for vicarious liability on the theory of *respondeat superior*; negligent hiring and retention; and negligent entrustment, respectively. (*Id.*, p. 2). This Court granted Reese's Motion on November 13, 2024, and as a result, denied Carrier Corporation's Motion to Dismiss as moot. (Doc. 8). On November 19, 2024, Connors filed his Answer to Plaintiff's Second Amended Complaint. (Doc. 9). On the same day, Carrier Corporation filed its Motion to Dismiss for Failure to State a Claim as to Counts III and IV and supporting Memorandum of Law. (Doc. 10). Plaintiff filed his Response in Opposition to the Motion to Dismiss on December 20, 2024. (Doc. 12).

## APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'plausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)) (cleaned up). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. District courts are directed by the Court of Appeals for the Seventh

Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

In its Motion to Dismiss, Carrier Corporation argues that Reese has failed to plead sufficient facts to support his claims against it for negligent hiring and retention and negligent entrustment. Because the instant suit was filed in Illinois and both parties have applied Illinois law, the Court will apply the same. *See Ryerson Inc. v. Fed. Ins. Co.*, 676 F.3d 610, 611–12 (7th Cir. 2012). This Court will address each claim individually.

### I. Negligent Hiring and Retention

It is settled law in Illinois that "a cause of action exists against an employer for negligently hiring someone the employer knew or reasonably should have known was unfit for the job in the sense that the employment would place the employee in a position where his unfitness would create a foreseeable danger to others." *Carter v. Skokie Valley Detective Agency, Ltd.*, 628 N.E.2d 602, 604 (Ill. 1993). To state a negligent hiring and retention claim, a plaintiff must plead:

> (1) [T]hat the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or

retention; and (3) that this particular unfitness proximately caused the plaintiff's injury.

*Carmona v. 4-Bros. Transp. LLC*, 731 F. Supp. 3d 1046, 1051 (N.D. Ill. 2024) (citing *Van Horne v. Muller*, 705 N.E.2d 898, 904–05 (Ill. 1998)) (interpreting Illinois law).

Carrier Corporation argues that Reese's claim fails because he fails to allege facts about Connors' background that would put Carrier Corporation on notice of Connors' alleged unfitness for driving. (*See* Doc. 10, p. 4). Carrier Corporation asserts that Reese's claim is no more than a threadbare recital of general unfitness, which is not enough to defeat a motion to dismiss. (*See id.*, p. 6).

This Court agrees with Carrier Corporation and finds that Plaintiff's allegations of negligent hiring and retention do not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Reese's Second Amended Complaint alleges that Carrier Corporation "is aware that hiring a person not fit to drive vehicles can cause injuries to others." (*Id.*, p. 7). He alleges that Carrier Corporation hired Connors without: "knowing or investigating his prior history of motor vehicle violations and/or otherwise ensuring that he could safely operating motor vehicles on public highways"; "ensuring that he was aware of the motor vehicle laws of the states in which he would be travelling"; "performing any drug testing" upon hiring and "retained him to drive Carrier Corporation's vehicles without performing any periodic drug testing"; or "having him perform any type of testing to ensure he was capable of driving large motor vehicles." (*Id.*, pp. 7–8). Reese further alleges that Carrier Corporation knew or should have known that "Connors was not fit to perform his duties for Carrier Corporation"; that

"Connors was not fit to operate a motor vehicle and that this particular unfitness put his fellow motorists, such as Plaintiff, in danger"; and "that its failure to ensure he was fit to drive large motor vehicles would result in injuries and damages to members of the public." (*Id.*).

"To successfully plead a cause of action for negligent hiring or retention, it is not enough for the plaintiff to simply allege that the employee was generally unfit for employment." *Doe 20 v. Bd. of Educ. of Cmty. Unit Sch. Dist. No. 5*, 680 F. Supp. 2d 957, 987 (C.D. Ill. 2010) (citing *Van Horne*, 705 N.E.2d 898) (interpreting Illinois law). There are many kinds of unfitness for employment that do not give rise to tort liability for negligent hiring or retention; liability arises when that particular unfitness of an employee gives rise to a particular danger of harm to third parties. *Id.* Thus, the question for the Court is whether Carrier Corporation did or reasonably should have foreseen from Connors' background that he was likely to become distracted and take his attention away from the roadway and thus cause an automobile accident if he were hired and retained as an employee of Carrier Corporation. *See Cavalier v. Speedway, LLC*, No. 20-CV-03883, 2024 WL 1363413, at *9 (N.D. Ill. Mar. 29, 2024) (interpreting Illinois law); (Doc. 7, p. 2).

A review of the following two cases illustrates precisely what is missing from Plaintiff Reese's Second Amended Complaint such that it is insufficient to state a claim for relief. First, in *Doe v. Coe*, Plaintiffs, following the sexual assault of a minor, brought claim for negligent hiring and retention against a church for employing youth program director. 135 N.E.3d 1 (Ill. 2019). In their complaint, plaintiffs alleged that defendant church failed to conduct a background check. *Id.* at pp. 13–14. While

plaintiffs did not allege that the youth program director in question had a criminal record or any known discoverable information that would have disqualified him from the position, they did allege that a simple Google search of the youth program director's name by the church would have revealed information regarding his activity on pornographic websites that would have put the church on notice that he could pose a danger to minor children within the scope of his employment. *Id.* The court held that, drawing all reasonable inferences in favor of plaintiffs, the factual allegation that the church would have been on notice of the youth program director's sexual misconduct towards children had they conducted the Google search was sufficient to state their claim for relief and went beyond a mere conclusory allegation. *Id.* at 14.

Next, in *Carmona v. 4-Brothers Transport LLC* (an even more factually similar case to the one at hand), an individual sued the driver of a vehicle and the driver's employer following an automobile collision during which the defendant-driver allegedly fell asleep at the wheel. 731 F. Supp. 3d at 1050–51. Plaintiff alleged that the defendant-employer negligently hired and retained the driver involved in the automobile accident following the driver's submission of an employment application that only reported a single speeding violation. *Id.* at 1051. Plaintiffs alleged that the driver actually had additional traffic violations, including failure to obey turn signal; two speeding violations, including one for speeding 15 miles per hour or more over the speeding limit; and two careless driving violations. *Id.* Plaintiffs also alleged that the driver was previously involved in an automobile accident in which he fell asleep at the wheel while operating a commercial motor vehicle and twice had his commercial driving license and/or privileges revoked. *Id.* The court, treating

plaintiff's allegations as true for purposes of its analysis, found that it was plausible that the employer should have been able to obtain the information regarding the alleged motor vehicle incidences and violations and thus been on notice that the defendant driver's conduct could pose a risk to others. *Id.*

Here, Reese has alleged that Carrier Corporation failed to conduct such a background investigation, but Reese has failed to make any factual allegations as to Connors' particular unfitness for employment with Carrier Corporation beyond a conclusory statement of general unfitness. Further, Reese has failed to allege any facts as to what information Carrier Corporation may or should have discovered regarding Connors' particular unfitness for employment upon any background investigation or other means of inquiring into his background. In other words, Plaintiff has failed to allege what, specifically, Carrier Corporation knew or should have known about Connors (had they conducted a background investigation) that renders them negligent for having hired and retained him in his position of employment, such as any problematic driving incidences on record. *See id.* at 1050–51. Accordingly, this Court finds that Reese has failed to state a claim upon which this Court may grant relief in Count III of his Second Amended Complaint.

## II.     Negligent Entrustment

To maintain a negligent entrustment claim, Reese must plead that Carrier Corporation gave Connors express or implied permission to use or possess a dangerous article or instrumentality which Carrier Corporation knew or should have known would be likely to be used in a manner involving an unreasonable risk of harm to others. *Id.* at 1052 (internal quotations omitted) (citing *Evans v. Shannon*, 776

N.E.2d 1184, 1190 (Ill. 2002)) (interpreting Illinois law). Carrier Corporation's liability would stem from its own independent act of negligence in the act of entrusting the automobile to Connors. *See Garland v. Sybaris Clubs Int'l, Inc.*, 141 N.E.3d 730, 748 (Ill. App. Ct. 2019). "'Although an automobile is not a dangerous instrumentality per se, it may become one if it is operated by someone who is incompetent, inexperienced or reckless.'" *Carmona*, 731 F. Supp. 3d at 1052 (citing *Evans*, 776 N.E.2d at 1190) (interpreting Illinois law).

Carrier Corporation argues in its Motion to Dismiss that Reese does not indicate the source of Connors' alleged unfitness or that this unfitness is connected in any way to Reese's injuries; as a result, they argue that this Court should dismiss this claim. (Doc. 10, p. 7). Reese argues in his Response that he has sufficiently pleaded his negligent entrustment claim because he alleged that Carrier Corporation negligently and carelessly allowed Defendant Connors to operate its motor vehicle and failed to deny him from using its vehicle "when they knew or should have known that he lacked the experience, competence, and/or skills" to do so. (Doc. 7, p. 9; *see* Doc. 12, p. 5). Plaintiff asserts that Connors' inexperience and lack of skill to operate the motor vehicle is a factual, not a legal, conclusion. (*Id.*, p. 6).

In the automobile context specifically, "[t]here are two primary considerations in negligent-entrustment analysis: (1) whether the owner of the vehicle entrusted the car to an incompetent or unfit driver, and (2) whether the incompetency was a proximate cause of a plaintiff's injury." *Evans*, 776 N.E.2d at 1190. While not specifically an automobile case, the Court finds the analysis in *Garland v. Sybaris Club International, Inc.* is useful in this context, nonetheless. *See* 21 N.E.3d at 46. In

*Garland*, plaintiffs sued defendant pilot instructor for negligent entrustment following the crash of a passenger aircraft. *Id.* The court stated that plaintiff sufficiently pleaded their claim by pleading that the defendant was negligent in entrusting his passenger aircraft to the pilot when defendant was aware of the pilot's deficiencies with respect to operation of that particular aircraft. *Id.* Specifically, the plaintiff alleged that the pilot had never flown that type of aircraft with non-pilot passengers, may have lacked a certain certification, and lacked the requisite number of landings at nighttime in the period preceding the accident. *Id.*

Further, a claim for negligent entrustment asks the question of whether the employee's particular unfitness was the proximate cause of the plaintiff's injuries. *Abrams v. FedEx Ground Package Sys., Inc.*, No. 19-CV-01391-JPG, 2021 WL 9145660, at *5 (S.D. Ill. May 7, 2021) (interpreting Illinois law). To reiterate, the question here is, when accepting Reese's facts and all reasonable inferences as true, whether Defendant Connors' particular unfitness (here, the alleged inexperience and lack of competence and skill) was the proximate cause of Reese's injuries. "Where a plaintiff fails to establish a causal nexus between the incompetence, inexperience, or recklessness that the plaintiff alleges should have prevented the entrustment and the entrustee's act or omission that produced the injury, the element of proximate causation is not satisfied." *Garland*, 141 N.E.3d at 748–49; *see Abrams*, 2021 WL 9145660, at *5 (holding that "while it is conceivable that" the defendant automobile driver's alleged particular unfitness of lack of understanding the English language "was a material element and a substantial factor in causing the accident," such as if the driver failed to comprehend certain road signs, "that much is not alleged").

The Court assumes, arguendo, that Connors' alleged unfitness of "inexperience, lack of competency and/or skill" meets the mark to sufficiently plead a particular unfitness for operating a motor vehicle. However, even treating this allegation as true, this Court finds that Reese's negligent entrustment claim fails to sufficiently plead factual allegations to establish proximate cause.

Reese argues that "a claim for negligent entrustment is a claim against Carrier [Corporation . . .] is derivative of the employee's negligence." (Doc. 26, p. 6). "By alleging that Plaintiff's injuries were a 'direct and proximate result of Defendant Carrier Corporation's negligence,'" Plaintiff argues that he is essentially alleging that "the negligence which proximately caused injury was Connors' inexperience or lack of skill because the negligence of Carrier [Corporation] originates from Connors' particular unfitness." (*Id.*)

Plaintiff's threadbare recital that "as a result of Carrier Corporation's negligence, Plaintiff was injured" is insufficient and is not the proper inquiry for proximate cause. The inquiry is whether Connors' inexperience and lack of competency and/or skill was the proximate cause of Reese's injuries, such that Carrier Corporation was negligent for having been on notice of Connors' unfitness and nevertheless choosing to entrust a vehicle to him while aware of the type of harm it could foreseeably cause. *See Abrams*, 2021 WL 9145660, at *5. Reese's Second Amended Complaint fails to connect Connors' unfitness due to inexperience, lack of competence and/or skill to Plaintiff's injuries, even drawing all reasonable inferences regarding Plaintiff's theory that Connors became distracted and took his attention away from the road. Accordingly, this Court finds that Reese has failed to state a

claim upon which this Court may grant relief as to Count IV of his Second Amended Complaint.

### III.  Disposition

Carrier Corporation argues that Reese's claims should be dismissed with prejudice and that any of Reese's further attempts to amend his Complaint would be futile. (Doc. 10, p. 9). Plaintiff requests, if the Court were to dismiss the claims, that the Court do so without prejudice, and to permit Plaintiff to conduct discovery on the issues of Connors' driving experience, fitness, and qualifications to operate a motor vehicle as well as the circumstances surrounding his employment with Carrier Corporation. (Doc. 12, p. 7).

The pleading rules favor decisions on the merits rather than on technicalities. *See Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While district courts do have discretion to dismiss claims with prejudice when counsel repeatedly fails to plead properly, this Court does not believe that Reese's claims warrant dismissal with prejudice at this stage. *Id.* (holding that dismissal with prejudice was proper where plaintiff failed to substantively amend their complaint three times in disregard of court's orders to properly amend their complaint); *see Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir .2004) (affirming dismissal with prejudice where plaintiff failed to properly plead their complaint over the span of multiple attempts and years and where district court reasonably viewed failure to comply as defiance of court orders); *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 668 (7th Cir. 2007)

(affirming dismissal with prejudice after providing counsel four opportunities to amend complaint).

Here, Plaintiff's first amended complaint (filed in state court) corrected the spelling of Defendant Connors' name and named the proper corporate entity. *See* Case No. 2024LA1174 (Ill. Cir. Ct). Plaintiff's Second Amended Complaint contained substantive edits, including altering his claims for negligent hiring, training, retention, and supervision against Carrier Corporation to a single count for negligent hiring and retention and adding a claim for negligent entrustment. (*See* Doc. 7). This Court has not previously dismissed any of Plaintiff's claims, and Plaintiff has not violated any orders or instructions of this Court on how he should plead his claims properly. Thus, this Court dismisses Reese's claims without prejudice. Plaintiff may amend his operative pleading in the future should additional information become available during discovery.

## CONCLUSION

For the reasons set forth above, Defendant Carrier Corporation's partial Motion to Dismiss (Doc. 10) is **GRANTED**. Counts III and IV of Plaintiff Jamell L. Reese's Second Amended Complaint (Doc. 7) are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted by this Court. Reese may proceed on his remaining two claims: Count I alleging negligence against Defendant Charles W. Connors, and Count II alleging vicarious liability on the theory of *respondeat superior* against Defendant Carrier Corporation.

**IT IS SO ORDERED.**

**DATED: April 7, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**